**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4501**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

GEORGE E. GRAY,

               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, District Judge. (5:10-cr-00146-FL-1)

─────────────

Submitted: January 6, 2012      Decided: January 12, 2012

─────────────

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed in part; dismissed in part, by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George E. Gray pled guilty in a Fed. R. Crim. P. 11 hearing to one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). He was sentenced to 87 months in prison. In accordance with Anders v. California, 386 U.S. 738 (1967), Gray's attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning whether Gray was properly subject to an increase in his base offense level pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(2) (2010). Gray has filed a pro se supplemental brief in which he contends that the district court and the Government committed numerous violations of the Federal Rules of Criminal Procedure and his constitutional rights leading up to his Rule 11 hearing. Gray also claims ineffective assistance of counsel and alleges that the district court improperly declined to grant him a downward departure due to his medical conditions, pursuant to USSG § 5H1.4, p.s.

The Government has filed a motion to dismiss Gray's appeal of his sentence pursuant to the terms of his plea agreement's waiver of appellate rights. This waiver forfeits Gray's right to appeal his sentence, unless (1) it was in excess of the advisory Guidelines range established at sentencing or (2) his appeal is based on "ineffective assistance of counsel or prosecutorial misconduct not known to [Gray] at the time of

2

[his] guilty plea."  For the following reasons, we grant the Government's motion to dismiss Gray's appeal of his sentence and affirm Gray's conviction.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006).  United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010).  A valid waiver will preclude appeal of issues that fall within the scope of the waiver.  United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).  Whether a defendant validly waived his right to appeal is a question of law that we review de novo.  Id.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal."  Id. at 169.  This determination, often made based on the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, ultimately turns on an evaluation of the totality of the circumstances.  Id.  These circumstances include all of "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused."  Id. (internal quotation marks omitted).

Here, the record indicates that the district court substantially complied with Rule 11 when accepting Gray's plea, and specifically confirmed Gray's understanding of the terms of his appellate waiver.  Given no indication in the record to the

3

contrary, we find that Gray's waiver of appellate rights is valid and enforceable. Furthermore, because Gray's 87-month sentence falls within the Guidelines range established at his sentencing, we hold that the sentencing issues Gray seeks to raise on appeal fall squarely within the compass of his appellate waiver. Accordingly, we grant the Government's motion to dismiss Gray's appeal of his sentence.

We next consider Gray's allegations of violations of the Federal Rules of Criminal Procedure and his constitutional rights prior to the entry of his guilty plea. A counseled guilty plea waives all antecedent nonjurisdictional defects not logically inconsistent with the establishment of guilt, unless the defendant can show that his plea was not voluntary and intelligent because the advice of counsel "was not within the range of competence demanded of attorneys in criminal cases." Tollett v. Henderson, 411 U.S. 258, 266 (1973) (internal quotation marks omitted); United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). Furthermore, defects in the indictment, to which Gray alludes, are not jurisdictional. United States v. Cotton, 535 U.S. 625, 631 (2002). Here, Gray's plea was counseled, knowing, and voluntary. Accordingly, save his claim of ineffective assistance of counsel, Gray's guilty plea forecloses review of the pre-plea procedural and constitutional violations alleged in his supplemental brief.

We note, however, that Gray's claim of ineffective assistance of counsel is not suitable for review on direct appeal. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011) in order to promote sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record before us does not conclusively establish that Gray's counsel was ineffective, we decline to consider this claim on direct appeal.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Gray's conviction and dismiss the appeal of his sentence. This court requires that counsel inform Gray, in writing, of his right to petition the Supreme Court of the United States for further review. If Gray requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gray. We dispense with oral argument because the

5

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>